UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————————————

GAILICAN PHILLIPS,

                      Petitioner,              08 Civ. 0597 (JGK)

            - against -                        MEMORANDUM OPINION AND
                                                       ORDER

UNITED STATES OF AMERICA,

                      Respondent.
————————————————————————————————

JOHN G. KOELTL, District Judge:


     The petitioner, Gailican Phillips (the "petitioner),

appearing pro se, moves pursuant to 28 U.S.C. § 2255 to vacate,

set aside, or correct his sentence.


                              I.

     On May 18, 2005, the petitioner, represented by counsel,

pleaded guilty to two counts of conspiracy to transport stolen

property across state lines, in violation of 18 U.S.C. § 371,

and three counts of the substantive charge of transporting

stolen property across state lines, in violation of 18 U.S.C. §

2314.  The petitioner was sentenced, on February 28, 2006, to

time served and three years of supervised release, with the

special condition that he pay restitution in the amount of

$1,767,000.  Judgment was entered on March 8, 2006, and the

petitioner did not file an appeal.

On or about September 17, 2007, the Probation Department brought five specifications for violations of the terms of the petitioner's supervised release including: violating state law, failure to make a good faith effort to pay the court-ordered restitution, failure to submit written monthly supervision reports to the Probation Department, failure to follow the instructions of the Probation Department, and failure to secure and maintain acceptable employment.

On December 12, 2007, the petitioner appeared with counsel and admitted to specification four, stating that he did not follow instructions from the Probation Department because he failed to secure an alternate residence. (Hr'g Tr. at 3:14-19, 5:1-16.) The remaining specifications were dismissed, and the petitioner was sentenced to ninety days in a Residential Re-Entry Center. (Hr'g Tr. at 5:18-25, 7:16-18.)

On December 20, 2007, the district court filed an amended judgment reflecting the petitioner's violation of supervised release.

On January 23, 2008, the petitioner commenced the current action through a petition styled as a Petition for Writ of Habeas Corpus.  The petitioner, however, failed to specify the statute under which he seeks federal habeas relief.  On February 22, 2008, United States District Judge Deborah A. Batts issued an order construing the petition as a petition for habeas relief

under 28 U.S.C. § 2255.  (<u>See</u> 08 Cv. 597, Docket #3.)  After the matter was fully briefed by both the petitioner and the government, the case was transferred to this Court on November 15, 2010.

While it is difficult to discern the petitioner's arguments from his submissions, the petitioner appears to argue that Supervised Release is unconstitutional and that his VOSR conviction violates the Sixth Amendment right to a jury trial and the Fifth Amendment protection against Double Jeopardy.  For the reasons explained below each of the petitioner's arguments is without merit.


## II.

The government argues that the petitioner's claims are procedurally barred because the petitioner failed to take a direct appeal from his VOSR conviction.  The general rule is that claims not raised on direct appeal by federal prisoners "may not be raised on collateral review unless the petitioner shows cause and prejudice[,]" <u>Massaro v. United States</u>, 538 U.S. 500, 504 (2003); "or that he is 'actually innocent' of the crime of which he was convicted." <u>De Jesus v. United States</u>, 161 F.3d 99, 102 (2d Cir. 1998) (citing <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1988)). "*A fortiori,* such a showing must be made when there is a complete failure to take a direct appeal."

United States v. Pipitone, 67 F.3d 34, 38 (2d Cir. 1995).

The petitioner does not explain why he did not appeal his VOSR conviction let alone demonstrate a sufficient showing of cause. Moreover, the petitioner cannot demonstrate that he is actually innocent of the violation of supervised release because the petitioner admitted his guilt in open court under oath. (Hr'g Tr. at 5:1-16.) Accordingly, the petitioner's claims are procedurally barred.

III.

In any event, each of the petitioner's claims is without merit. First, the petitioner implies that Supervised Release is an unconstitutional form of punishment. However, this claim is unfounded because Supervised Release is permitted, and in some cases required, under 28 U.S.C. § 3583(a). Next, petitioner argues that his VOSR conviction violates the Sixth Amendment right to a jury trial. However, whether an individual violated conditions of supervised release and should be punished is not subject to Sixth Amendment protections. See United States v. Carlton, 442 F.3d 802, 807 (2d Cir. 2006); Johnson v. United States, 529 U.S. 694, 700 (2000); 18 U.S.C. § 3583(e)(3). Instead, a court, without a jury, may assess whether an individual should be punished for violating supervised release based on a preponderance of the evidence. Johnson, 529 U.S. at

4

700.  Moreover, in making this determination, the court has broad discretion as to the form of punishment.  United States v. Wirth, 250 F.3d 165, 169 (2d Cir. 2001).  Thus, the petitioner's Sixth Amendment claim is without merit.

Finally, the petitioner argues that his VOSR conviction violates the Fifth Amendment protection against double jeopardy. The Double Jeopardy Clause "protects against a second prosecution for the same offense after acquittal[,] . . . a second prosecution for the same offense after conviction[,] . . . [a]nd . . .  against multiple punishments for the same offense."  United States v. Pettus, 303 F.3d 480, 486-87 (2d Cir. 2002) (quoting North Carolina v. Pearce, 395 U.S. 711, 717 (1969)).  However, "[t]he requirement that a defendant only be punished once for a particular crime does not mean that this punishment cannot be modified or extended."  Id. at 487. Punishment for violating conditions of supervised release is not considered a new or secondary punishment for the original offense, but rather, a modification of the original punishment. Id.; United States v. Smith, 354 F.3d 171, 173-74 (2d Cir. 2003).  Accordingly, petitioner's VOSR conviction does not violate the Fifth Amendment protection against double jeopardy.

CONCLUSION

The Court has carefully considered all of the parties' arguments.  To the extent they are not dealt with above, they

are either moot or without merit.  For the reasons explained

above, the petitioner's motion to vacate, set aside, or correct

his sentence pursuant to 28 U.S.C. § 2255 is **denied**.  The

petition is therefore dismissed.  The clerk is directed to enter

judgment dismissing the petition and closing this case.

**SO ORDERED.**

Dated:    **New York, New York**
          **March 23, 2011**

                                        John G. Koeltl
                                   United States District Judge